UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM BOOKHOUT, SAMUEL BACKUS and TANIA BACKUS and individually and on behalf of all other persons similarly situated,<br><br>                                          Plaintiffs,<br>v.<br><br>AMPHENOL CORPORATION d/b/a AMPHENOL AEROSPACE, and any related entities,<br><br>                                          Defendant. | Docket No.: 3:23-CV-0777 (TJM/ML)<br><br>**FIRST AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE AND CLASS ACTION |

Named Plaintiffs Kim Bookhout, Sam Backus and Tania Backus (the "Named Plaintiffs"), by their attorneys Gattuso & Ciotoli, PLLC; and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, 207 and 216(b); New York Labor Law ("NYLL") § 190 *et seq.*, §§ 650 *et seq.*, 663 and 195(3); and 12 New York Codes, Rules and Regulations ("NYCRR") §142-2.2, to recover unpaid straight time wage and overtime wages owed to the Named Plaintiffs and all similarly situated persons (collectively "Plaintiffs") who are presently or were formerly employed by Defendant Amphenol Corporation d/b/a Amphenol Aerospace ("Defendant") as hourly employees at the Sidney, New York manufacturing facility, as a result of Defendant's policy and practice of depriving its hourly employees of straight time wage and overtime wages by rounding down Plaintiffs' hours worked, as well as damages for failure to provide accurate pay statements.

2. Beginning in June 2017 and continuing through the present, Defendant has engaged

in a policy and practice of depriving its employees of straight time wage and overtime wages for work they performed as mandated by federal and state law.

3. Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs, as well damages for failure to provide accurate pay statements.

## JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

5. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

6. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

7. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

8. Named Plaintiff Kim Bookhout is an individual residing in Chenango County, New York, who was employed by Defendant Amphenol Corporation d/b/a Amphenol Aerospace as an Electronics Technician at its manufacturing facility located at 40-60 Delaware Avenue, Sidney, New York 13838 in Delaware County.

9. Named Plaintiff Samuel Backus is an individual residing in Chenango County,

New York, who was employed by Defendant Amphenol Corporation d/b/a Amphenol Aerospace as an Electronics Technician at its manufacturing facility located at 40-60 Delaware Avenue, Sidney, New York 13838 in Delaware County.

10. Named Plaintiff Tania is an individual residing in Chenango County, New York, who was employed by Defendant Amphenol Corporation d/b/a Amphenol Aerospace as an Electronics Technician at its manufacturing facility located at 40-60 Delaware Avenue, Sidney, New York 13838 in Delaware County.

11. Upon information and belief, Defendant Amphenol Corporation d/b/a Amphenol Aerospace is organized and existing under the laws of the State of Connecticut and authorized to do business within the State of New York, with a principal place of business at 358 Hall Avenue, Wallingford, Connecticut, 06492.

12. Defendant designs, manufactures, and markets cylindrical and rectangular, electronic, fiber optic, EMI/EMP filter, and a variety of special applications connectors and interconnect systems, among other things.

13. Defendant maintains a manufacturing facility in Sidney, New York which employs approximately 700 to 1,000 employees at any given time.

14. At all times relevant to this action, Defendant constituted Plaintiffs' employer as defined by NYLL §§ 2(6), 190(3), and 651(6), along with 29 U.S.C. § 203, *et seq.*

15. Upon information and belief, Defendant exercises extensive or exclusive control over the means by which its employees perform their job.

16. Upon information and belief, under 29 U.S.C. 201, *et seq.* and the cases interpreting the same, the Defendant Amphenol Corporation constitutes an "enterprise engaged in commerce."

17. Upon information and belief, Defendant Amphenol Corporation's gross yearly revenue is in excess of $500,000.00

18. Upon information and belief, Plaintiffs' duties require them to handle or otherwise work with goods or materials that have been moved and produced for commerce. For example, in the course of their work at the manufacturing facility, Plaintiffs handle various goods and materials, including but not limited to, cylindrical, rectangular, electronic, and fiber optic connectors and interconnect systems, CNC and screw machines, computers, and tools.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs repeat and re-allege the foregoing allegations hereof.

20. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Named Plaintiffs and a putative collective consisting of similarly situated employees who worked for Defendant as hourly employees at the Sidney, New York manufacturing facility.

22. Named Plaintiffs bring this suit on behalf of the following similarly situated persons: All current and former hourly employees who have worked for Defendant at the Sidney, New York manufacturing facility from three years prior to the date this Complaint is filed through the date of trial (the "NY Class").

23. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

24. At all relevant times, Named Plaintiffs and the other members of the putative collective are and have been similarly situated, were paid the same way, and are and have been

subjected to Defendant's common policy and practice of depriving its hourly employees of overtime wages by rounding down Plaintiffs' hours worked, including weeks in which they worked over 40 hours.

25. These similarly situated current and former employees would benefit greatly from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the lawsuit. These similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## NEW YORK CLASS ACTION ALLEGATIONS

26. Plaintiffs repeat and re-allege the foregoing allegations hereof.

27. This action is properly maintainable as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

28. This action is brought on behalf of Named Plaintiffs and a putative class consisting of similarly situated employees who worked for Defendant as hourly employees at the Sidney, New York manufacturing facility.

29. Named Plaintiffs bring this suit on behalf of the following similarly situated persons: All current and former hourly employees who have worked for Defendant at the Sidney, New York manufacturing facility from six years prior to the date this Complaint is filed through the date of trial (the "NY Class").

30. Plaintiffs are all victims of Defendant's common policy and practice of depriving its hourly employees of straight time wage and overtime wages by rounding down Plaintiffs' hours worked, including weeks in which they worked over 40 hours, and thus failing to pay them for all regular and overtime hours worked.

31. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class and collective are believed to be in excess of 700 employees. In addition, the names of all potential members of the putative class are not known.

32. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendant paid Plaintiffs for all hours worked, including regular and overtime hours, and (2) whether Defendant provided New York Plaintiffs with accurate pay statements.

33. The claims of the Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practice of depriving its employees of straight time wage and overtime wages by rounding down Plaintiffs' hours worked and failing to provide accurate pay statements. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class- action litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## FACTS

35. Plaintiffs repeat and re-allege the foregoing allegations hereof.

36. Named Plaintiff Kim Bookhout worked for Defendant from approximately June 1, 1977 through March 31, 2023.

37. Named Plaintiff Samuel Backus worked for Defendant from approximately January 3, 1979 through April 28, 2023.

38. Named Plaintiff Tania Backus worked for Defendant from approximately October 2014 through August 2022.

39. Named Plaintiff Kim Bookhout worked for Defendant as an Electronics Technician.

40. Named Plaintiff Samuel Backus worked for Defendant in the Tool Room as a Tool Sharpener.

41. Named Plaintiff Tania Backus worked for Defendant as an Inspector.

42. Named Plaintiff Kim Bookhout typically worked 50 or more hours per week.

43. Named Plaintiff Samuel Backus typically worked 50 or more hours per week.

44. Named Plaintiff Tania Backus typically worked 50 or more hours per week.

45. Named Plaintiff Kim Bookhout's last rate of pay was approximately $32.62 per regular hour and $48.93 per overtime hour.

46. Named Plaintiff Samuel Backus' last rate of pay was approximately $31.00 per regular hour and $46.50 per overtime hour.

47. Named Plaintiff Tania Backus' last rate of pay was approximately $26.00 per regular hour and $39.00 per overtime hour.

48. Named Plaintiffs were paid on a weekly basis.

49. The Named Plaintiffs each worked in different departments and had different supervisors.

50. The Named Plaintiffs used different time clocks for clocking in and out.

51. Defendant's facility has walk through turnstiles with time keeping for each individual employee. This time keeping for when individuals walk through the turnstile is not used for payroll; rather, the time clock is used.

52. Defendant manipulated Plaintiffs' time records by rounding down time worked to the nearest half-hour for purposes of calculating Plaintiffs' time worked, often when Plaintiffs worked over forty hours per week.

53. Pursuant to 29 C.F.R. § 785.48, if an employer rounds down to the "nearest 5 minutes, or to the nearest one-tenth or quarter of an hour," they must also round up to the nearest time period, "in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." Upon information and belief, Defendant always rounded workers' hours down, and never rounded workers' hours up.

54. Defendant's policy and practice of rounding down hours resulted in Plaintiffs being compensated for less regular and overtime hours than they actually worked.

55. For example, during the week of December 5, 2022 to December 11, 2022, Named Plaintiff Kim Bookhout worked Monday from 5:00 a.m. to 3:30 p.m.; Tuesday from 5:00 a.m. to 5:30 p.m.; Wednesday from 5:00 a.m. to 4:30 p.m.; Thursday from 5:00 a.m. to 5:15 p.m.; and Friday from 6:00 a.m. to 4:30 p.m., with a thirty-minute break each day, for a total of 54.75 hours. Nevertheless, Named Plaintiff's paystub only reflected, and he was only compensated for, 54.50 hours of work. Specifically, despite Named Plaintiff clocking out at 5:15 p.m. that Thursday, Defendant rounded his time record to 5:00 p.m.

56. As another example, during the week of December 19, 2022 to December 25,

2022, Named Plaintiff Kim Bookhout worked Monday from 6:01 a.m. to 4:30 p.m.; Tuesday from 6:00 a.m. to 4:30 p.m.; Wednesday from 6:00 a.m. to 4:30 p.m.; Thursday from 6:00 a.m. to 4:30 p.m.; and Friday from 5:30 a.m. to 4:00 p.m., with a thirty-minute break each day, for a total of 49.98 hours. Nevertheless, Named Plaintiff's paystub only reflected, and he was only compensated for, 49.50 hours of work. Specifically, despite Named Plaintiff clocking in at 6:01 a.m. that Monday, Defendant rounded his time record to 6:30 a.m.

57. As another example, the week of February 1, 2021 to February 7, 2021 Named Plaintiff Samuel Backus worked over 61 hours, but as a result of Defendant's rounding policy he was only paid for 61 hours. Likewise, the week of April 24, 2023 to April 30, 2023 Named Plaintiff Samuel Backus worked over 50.25 hours, but as a result of Defendant's rounding policy he was only paid for 50.25 hours.

58. As another example, the week of December 31, 2018 to January 6, 2019 Named Plaintiff Tania Backus worked over 63 hours, but as a result of Defendant's rounding policy she was only paid for 63 hours.

59. Accordingly, Named Plaintiffs received less overtime pay than what they were entitled to.

60. Upon information and belief, Defendant applies this practice to all Named Plaintiffs and all hourly workers at its Sidney, New York manufacturing facility.

61. Upon information and belief, like Named Plaintiffs, members of the putative class and collective were paid for fewer hours than they actually worked in a given week, resulting in unpaid regular and overtime hours.

### FIRST CAUSE OF ACTION:
### FLSA OVERTIME WAGE COMPENSATION

62. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth

herein.

63. Plaintiffs bring this claim for relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

64. Under the FLSA, Plaintiffs are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the overtime provisions of sections 207 of the FLSA.

65. Upon information and belief, Plaintiffs regularly worked more than forty 40 hours a week while working for Defendant.

66. Upon information and belief, Plaintiffs worked more hours than what they were paid for, including overtime hours.

67. Upon information and belief, Plaintiffs did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

68. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Plaintiffs for all time worked, including time which would have qualified as overtime.

69. By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION:
## NEW YORK OVERTIME WAGE COMPENSATION

70. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

71. Title 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

72. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may

recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

73. Upon information and belief, Plaintiffs regularly worked more than forty 40 hours a week while working for Defendant.

74. Upon information and belief, Plaintiffs worked more hours than what they were paid for, including overtime hours.

75. Upon information and belief, Plaintiffs did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

76. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Plaintiffs for all time worked, including time which would have qualified as overtime.

77. By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES UNDER**
**NYLL**

78. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

79. Pursuant to Article Six of the NYLL, workers such as Plaintiffs, are protected from wage underpayments and improper employment practices.

80. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

81. Defendant failed to pay Plaintiffs their hourly wage for all hours worked.

82. In failing to pay Plaintiffs proper wages for all hours worked and time and one-

half for all hours after forty hours in one week, Defendant violated New York Labor Law

83. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Plaintiffs for all time worked, including time which would have qualified as overtime.

84. By the foregoing reasons, Defendant violated NYLL and is liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION:
## FAILURE TO PROVIDE PAY STATEMENTS UNDER NYLL

85. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

86. Defendant have willfully failed to supply Plaintiffs with accurate pay statements, as required by NYLL § 195(3) ), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

87. Recording less hours on their paystubs than Plaintiffs worked each week was part of Defendants' scheme to deprive Plaintiffs of their regular and/or overtime pay.

88. By routinely providing Plaintiffs with inaccurate and/or misleading information, or by failing to provide information, Defendants made it more difficult for Plaintiffs to determine whether and to what extent they were underpaid each week, thus impinging on their rights and their ability to advocate for proper pay.

89. Through their knowing or intentional failure to provide Plaintiffs with pay statements as required by the NYLL, Defendant willfully violated NYLL §§ 190 et. seq., and

the supporting New York State Department of Labor Regulations.

90. According to NYLL § 198-1(b), Plaintiffs are entitled to $250 for every day in which they did not receive a pay statement, or a total of $5000, together with costs and reasonable attorney's fees.

91. By the foregoing reasons, Defendant violated NYLL §§ 195(3) and 198-1(b) and is liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, Named Plaintiffs, individually and on behalf of all other persons similarly situated, demand judgment:

(1) On the first cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) On the second cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) On the third cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) On the fourth cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(5) such other and further relief as this Court may deem just and proper.

Dated: February 2, 2024

*/s/ Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com

        and

James Emmet Murphy
Michele A. Moreno
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:   (212) 943-9080
Fax:  (212) 943-9082
jmurphy@vandallp.com
mmoreno@vandallp.com

*Attorneys for the Plaintiffs and putative class and collective*