**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KIM BOOKHOUT, SAMUEL BACKUS,
and TANIA BACKUS, individually and on
behalf of all other persons similarly situated,

                Plaintiffs,

                -v-                                      3:23-CV-777 (AJB/ML)

AMPHENOL CORPORATION, and
any related entities doing business as
Amphenol Aerospace,

                Defendant.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

On June 27, 2023, named plaintiff Kim Bookhout filed this putative collective and class action alleging that defendant Amphenol Corporation ("defendant"), an aerospace company with a manufacturing facility in Sydney, New York, violated the Fair Labor Standards Act ("FLSA") and related state law by maintaining a policy and practice of depriving her and other similarly situated employees of straight-time wages and overtime wages. Dkt. No. 1. After plaintiff filed a substantially similar first amended complaint that added Samuel Backus and Tania Backus as additional named plaintiffs, Dkt. No. 23, the parties settled the matter in mediation, Dkt. No. 28.

On October 25, 2024, named plaintiffs moved for preliminary approval of the proposed settlement and an order directing notice to the proposed settlement class. Dkt. Nos. 39, 41. The motion is unopposed. *See id*. The matter has recently been reassigned to this Court for further proceedings. Dkt. No. 42.

Upon consideration of plaintiffs' memorandum of law and supporting exhibits, and after reviewing the Settlement Agreement and Class Notice materials, Dkt. No. 39, together with the joint amendment to the Settlement Agreement, Dkt. No. 40, it is

ORDERED that

1. The consent motion for preliminary approval of the class action settlement (Dkt. No. 39) is GRANTED;

2. The proposed Settlement Class[1] shall consist of:

> all hourly employees who (a) worked at Amphenol's location in Sidney, New York during the Class Period; (b) were members of Sidney Lodge No. 1529, affiliate of the International Association of Machinists and Aerospace Workers; and (c) do not timely opt-out pursuant to Section 2.4 of the Settlement Agreement;

3. The proposed FLSA Collective shall consist of:

> all hourly employees who (a) worked at Amphenol's location in Sidney, New York during the FLSA Collective Period; (b) were members of Sidney Lodge No. 1529, affiliate of the International Association of Machinists and Aerospace Workers; and (c) meet the requirements to be an Authorized Claimant;

4. The Class Notice, as amended, is the only notice required, constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class Members in full compliance with the requirements of due process and applicable federal and state law, the U.S. Constitution, and any other applicable law;

---

[1] Capitalized terms not otherwise defined in this Order shall have the definitions assigned to them in the Settlement Agreement (Dkt. No. 39-3).

5. Within twenty (20) calendar days after the entry of this Order, defendant Amphenol will provide the Claims Administrator with a list of the names, last known addresses, and dates of employment for all members of the proposed Settlement Class;

6. Within sixty (60) calendar days after the entry of this Order, plaintiffs shall direct the Claims Administrator to mail to Class Members the proposed Class Notice in the form attached to the Settlement Agreement as Exhibit A, together with the proposed Claim Form in the form attached to the Settlement Agreement as Exhibit B, as well as IRS Forms W-4 and W-9. The Claims Administrator shall send the Class Notice, Claim Form, and IRS forms via First Class U.S. Mail to all Class Members for whom it has a mailing address;

7. Any Class Member who elects to opt out of the Settlement Agreement must mail an Opt-Out Statement to the Claims Administrator;

8. To be effective, an Opt-Out Statement must be mailed to the Claims Administrator and post-marked within the Opt-Out Period;

9. Plaintiffs shall file all such Opt-Out Statements with the Court as part of the Motion for Final Approval before the Fairness Hearing;

10. Any Class Member who seeks to present objections to the Settlement Agreement at the Fairness Hearing must set forth the objections in a written statement, which must be mailed to the Claims Administrator and post-marked during the Opt-Out Period;

11. Plaintiffs shall file all such objections with the Court as part of the Motion for Final Approval before the Fairness Hearing;

12. An objector has the right to appear at the Fairness Hearing, either in person or through counsel, provided that their written objections are timely and state their intention to appear in person or through counsel at the hearing;

13. An objector may withdraw an objection at any time;

14. Any Class Member who has submitted an Opt-Out Statement may not submit objections to the Settlement Agreement, and any such objections will not be considered;

15. No later than four (4) calendar days before the Fairness Hearing, plaintiffs and/or defendant may file with the Court a written response to any timely filed written objections;

16. Class Counsel shall file all Claim Forms that were timely received by the Claims Administrator with the Court as part of the Motion for Final Approval;

17. The date and time of the Fairness Hearing shall be set forth in the Class Notice;

18. The Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which is available on the Court's public docket;

19. If the Settlement Agreement does not receive final Court approval, the Parties will be returned to their respective positions existing immediately prior to the execution of the Settlement Agreement, this Order will become null and void, and this Order shall not be considered in evidence or on the issue of class certification; and

20. A Fairness Hearing will be held in the 3rd floor courtroom of the U.S. Courthouse in Utica, New York, on **Tuesday, August 12, 2025, at 1:00 p.m.**

The Clerk of the Court is directed to terminate the pending motion and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated: February 18, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge