UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KIM BOOKHOUT, SAMUEL BACKUS, and TANIA BACKUS, individually and on behalf of all other persons similarly situated,

                      Plaintiffs,

-against-

AMPHENOL CORPORATION,

                      Defendant.

*Order Granting Final Approval of Class and Collective Action Settlement*

Docket No. 3:23-CV-00777-AJB-ML

**WHEREAS,** Plaintiffs, by their attorneys, Virginia & Ambinder LLP and Gattuso & Ciotoli, PLLC, having moved this Court for an Order granting final approval of the class and collective action settlement on the terms set forth in the Joint Settlement Agreement and Release (the "Agreement") as amended by the Amendment to the Joint Settlement Agreement and Release (the "Amendment");

**WHEREAS,** this Court entered an Order Granting Preliminary Approval of Class Action Settlement in the above-captioned Litigation on February 18, 2025;

**WHEREAS,** Class Notices and Claim Forms were sent to the Class Members and FLSA Collective Members in accordance with the Order Granting Preliminary Approval, providing an opportunity to opt out of or submit objections to the Agreement, as amended by the Amendment;

**WHEREAS**, no Class Members submitted objections;

**WHEREAS,** two individuals opted out of the Settlement Class;

**WHEREAS**, 709 Class Members submitted valid Claim Forms;

**WHEREAS**, the Court conducted a Fairness Hearing on August 12, 2025;

**NOW**, upon reading the Declaration of James Emmet Murphy, Esq.. executed on July 29, 2025 and annexed exhibits, the Declaration of Settlement Claims Administrator Martom Solutions

LLC, executed on July 29, 2025, and memorandum of law in support of Plaintiffs' motion for final approval of the class and collective action settlement, and after due deliberation having been held thereon, the Court grants final approval of the Agreement, as modified by the Amendment, and hereby finds and orders for purposes of settlement only:

1. Capitalized terms used in this Order and not otherwise defined herein shall have the definitions assigned to them in the Agreement and the Amendment.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all FLSA Collective Members and all Class Members.

3. The Settlement Class is hereby certified and consists of Kim Bookhout, Samuel Backus, Tania Backus, and all other hourly employees who, at any point during the period from June 27, 2017, through February 18, 2025, (a) worked at Amphenol's location in Sidney, New York, and (b) were members of Sidney Lodge No. 1529, affiliate of the International Association of Machinists and Aerospace Workers.  Only two individuals submitted timely Opt-Out Statements – Paul Valentine and Coral Wormsley - and therefore, these two individuals are excluded from the Settlement Class.

4. The Court approves Virginia & Ambinder, LLP and Gattuso & Ciotoli, PLLC to serve as Class Counsel for the Settlement Class and the FLSA Collective.

5. The Court approves Plaintiffs Kim Bookhout, Samuel Backus, and Tania Backus as the representatives for the Settlement Class and FLSA Collective.

6. The Agreement and Amendment are hereby fully, finally, and unconditionally approved in all respects. The Court hereby fully, finally and unconditionally approves the settlement embodied in the Agreement, as modified by the Amendment, as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Litigation as to each Class Member and FLSA Collective Member.

7. The Court hereby orders that the Agreement, as modified by the Amendment, shall be implemented in accordance with its terms and conditions.

8. The Class Members and FLSA Collective Members have been given proper and adequate notice of the settlement terms, the fairness hearing, Class Counsel's application for attorneys' fees, compensation to the Plaintiffs, and the Claims Administrator's costs and fees.

9. The Court finds that the terms in the Agreement, as modified by the Amendment, regarding funding the Qualified Settlement Fund and for distribution of funds from the Qualified Settlement Fund are fair, reasonable, and accurate.

10. In accordance with Sections 3.1 and 3.2 of the Agreement, Class Counsel is hereby awarded attorneys' fees and costs in the amount of $825,000.00, to be paid from the Qualified Settlement Fund as specified in the Agreement following the Effective Date of the Agreement.

11. The Court approves the use of Martom Solutions LLC as the Claims Administrator. In accordance with Sections 2.1 and 3.1 of the Agreement, the Claims Administrator is hereby awarded fees and costs in the amount of $25,000.00, to be paid from the Qualified Settlement Fund as specified in the Agreement following the Effective Date of the Agreement.

12. In accordance with Sections 3.1 and 3.3 of the Agreement, Plaintiffs Kim Bookhout, Samuel Backus, and Tania Backus are hereby awarded $10,000.00 each, as a service award for their service to the Settlement Class and FLSA Collective. These three service awards shall be paid from the Qualified Settlement Fund as specified in the Agreement following the Effective Date of the Agreement.

13. The Litigation shall be, and hereby is dismissed with prejudice in its entirety, with all Parties to bear their own costs and attorneys' fees, except as provided in the Agreement and this Order, and all the claims of Class Members and FLSA Collective Members shall be, and hereby are, dismissed with prejudice and released pursuant to the Agreement, as modified by the Amendment.

14. The Court has reviewed the releases set forth in Sections 4.1(A)-(C) of the Agreement and finds that they are fair, reasonable, and enforceable under all applicable laws and regulations, including, without limitation, the Fair Labor Standards Act and New York Labor Law. These releases shall have res judicata, collateral estoppel, claim preclusive, and issue preclusive effect as to all released claims.

15. By operation of this Order, except as to such rights or claims as may be created by the Agreement, each Class Member (including Plaintiffs), on his/her/their behalf, and on behalf of his/her/their respective current, former and future heirs, spouses, executors, administrators, and agents, fully releases and discharges all Releasees, from any and all debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, punitive damages, interest, penalties, actions, or causes of action, whether known or unknown, which they ever had, now have, or may have against the Releasees at any time from the beginning of the world through February 18, 2025, regarding any of the following: (i) any claims for wages, including, but not limited to, overtime wages, (ii) any claims for failure to provide wage statements; (iii) any other claims raised in the Complaint; and (iv) any claims under the New York Labor Law.

16. By operation of this Order, each FLSA Collective Member forever and fully releases all Releasees from all Fair Labor Standards Act claims, whether known or unknown, which they ever had, now have, or may have against the Releasees at any time from the beginning of the world through February 18, 2025, including, but not limited to, claims for overtime,

unpaid wages, liquidated damages, interest, and attorneys' fees and costs related to such claims.

17. By operation of this Order, Plaintiffs each release all suits, actions, claims, causes of action, and damages whatsoever, known or unknown, which they ever had, now have, or may have against the Releasees at any time from the beginning of the world through February 18, 2025. Plaintiffs each represent and warrant that she/he/they have not assigned any suit, action, claim, cause of action, or damages released herein, or authorized any person to assert any suit, action, claim, cause of action, or damages released herein on her/his/their behalf. This release applies, without limitation, to all suits, actions, claims, causes of action, and damages arising from any other agreements involving Plaintiffs and any of the Releasees, employment discrimination claims arising under local, state, federal or international law, claims for breach of contract or wrongful discharge, tort claims, claims for wages or other compensation allegedly due, and any claims for attorney's fees, liquidated damages, interest, costs, disbursements, or penalties related to these released claims. The released claims include, but are not limited to, claims arising out of or under the following statutes, to the fullest extent that such statutes permit claims arising thereunder to be released: the Age Discrimination in Employment Act; Title VII of the Civil Rights Act; the Equal Pay Act; the Employee Retirement Income Security Act; the Americans With Disabilities Act; the Genetic Information Nondiscrimination Act; the Family and Medical Leave Act; the New York Paid Family Leave Act; the New York State Human Rights Law; the New York Labor Law; the New York Wage Theft Prevention Act; the Fair Labor Standards Act; and under Sections 120 and 241 of the New York State Workers' Compensation Law, and any other applicable statutes, rules or regulations. This release shall be construed as broadly as permissible by law and to waive all claims which Plaintiffs currently have or ever had, or may have against the Releasees at any time from the beginning of the world through February 18, 2025, whether or not Plaintiffs are actually aware of any such claims. Plaintiffs also hereby waive any right to assert collective or class claims or participate in a collective or class action against any of the Releasees to the extent that Plaintiffs have any claims that are not released hereby and to the fullest extent such a waiver is permitted by law. This release does not prevent Plaintiffs from filing a charge with the Equal Employment Opportunity Commission, providing truthful information to the EEOC, or participating in an EEOC proceeding. Plaintiffs understand and agree, however, that they are waiving any right to monetary relief or other personal relief as a result of any such EEOC proceedings or any subsequent legal action brought by the EEOC.

18. By operation of this Order, all Class Members, FLSA Collective Members, and Class Counsel irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Releasees for attorneys' fees and costs associated with Class Counsel's representation of Plaintiffs, the Class Members, and the FLSA Collective Members in the Litigation, other than those approved by the Court pursuant to this Order.

19. By operation of this Order, the Class Members (including Plaintiffs), the FLSA Collective Members (including Plaintiffs), and Class Counsel are hereby forever barred and enjoined from prosecuting or otherwise pursuing any of the foregoing released claims, liabilities,

    demands, or causes of action, known or unknown, that they ever had or may have against any Releasees.

20. The Class Members (including Plaintiffs), the FLSA Collective Members (including Plaintiffs), and Class Counsel are each and all bound by this Order, and by the Agreement (as modified by the Amendment), including, without limitation, the release of claims set forth in the Agreement.

21. The Parties entered into the Agreement and Amendment solely for the purpose of compromising and settling disputed claims. This Order, the Agreement, the Amendment, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant or any Releasee of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Litigation or in any other proceeding, except for the enforcement of the terms of the Agreement and Amendment.

22. In the event that the Agreement, as modified by the Amendment, by its terms becomes void or if, for any reason, the Effective Date of the Agreement does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Agreement, as modified by the Amendment, and shall be vacated. In such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement, and the Parties shall be returned to their respective positions *nunc pro tunc* as those positions existed immediately prior to the execution of the Agreement.

23. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the class and collective settlement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and further finds that Defendant has fully complied with 28 U.S.C. § 1715.

    Without affecting the finality of this Order in any way the Court hereby retains exclusive jurisdiction over the interpretation and implementation of the Agreement and the Amendment, as well as over any and all matters arising out of, or related to, the Agreement and/or the Amendment.

**IT IS SO ORDERED.**

**Dated:** August 12, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge